UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

WALTER ROY HANCOCK                          CIVIL ACTION

VERSUS                                      NO: 07-6057

BAYOU GAMING, INC.                          SECTION: "R"

## ORDER AND REASONS

Before the Court is plaintiff's motion for partial summary judgment. (R. Doc. 18). For the following reasons, the Court DENIES the motion.

This case arises out of a stock sale and transfer agreement entered into by defendant Bayou Gaming, Inc. and plaintiff Walter Roy Hancock on March 11, 2005. Under the contract, Hancock agreed to sell to Bayou all the outstanding shares of Orchard Inn, Inc. and the property owned by Orchard Inn, Inc. for $750,000. The $750,000 price was payable as follows:

> The purchase price of the Shares and all property belonging to Orchard Inn, Inc. is Seven Hundred Fifty Thousand and no/100 ($750,000.00) Dollars, said sum payable as follows: assumption of the first mortgage on the subject property, which is $5,400.00 per month plus 14.5% interest; assumption of the $150,000.00 owed by Seller to Charlene Plaisance Hancock which is $3,000.00 per month plus 8% interest; and payment of $150,000.00 to Seller which shall be payable at $1,807.00 per month plus 8% interest. Purchaser further agrees to pay to Seller 20% of the net profit from the sale of the subject property, if ever sold.

Hancock warranted that all state and federal taxes were current,

outstanding business debts paid, and outstanding judgments or remediation orders cleared.

On September 26, 2007, Hancock sued Bayou alleging failure to pay the purchase price due under the Agreement. (R. Doc. 1). Bayou counterclaimed alleging setoffs for expenditures it incurred for Hancock's breach of the warranties under the Agreement. (R. Doc. 5). Hancock now moves the court for partial summary judgment. It is unclear, however, what Hancock is asking the Court to do. He does not request summary judgment on liability. Nor does he move for summary judgment on damages. Rather, the motion seems to ask the Court to determine how much each party owes the other, if they are liable. There are a number of problems with this peculiar motion, the most obvious of which is that there is an issue of material fact as to what the parties intended the purchase price to be. This follows because paragraph 1(B) says $750,000, but the obligations thereunder do not add up to that amount. The agreement is, therefore, ambiguous. When a contract is ambiguous, the intent of the parties is an issue of fact, to be determined from surrounding circumstances. *See Belle Pass Terminal, Inc. v. Jolin, Inc.*, 634 So.2d 466, 480 (La. Ct. App. 1994). The parties neither point to nor do they offer any evidence to clarify their intentions. Without any evidence, the Court cannot discern the appropriate meaning of the contract.

The Court therefore DENIES plaintiff's motion for partial summary judgment.

New Orleans, Louisiana, this **15th** day of July, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE